IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MATTHEW SIKORSKY, on behalf**
**Of himself and those similarly situated,**

    **Plaintiff,**

v.                                                                                  CASE NO.:

**FCS INDUSTRIES, CORP.,**
a Florida Corporation,

    **Defendant.** _____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MATTHEW SIKORSKY, on behalf of himself and those similarly situated, by and through the undersigned attorney, sues the Defendant, FCS INDUSTRIES, CORP., a Florida Corporation, and states:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff was an employee who worked for Defendant within the last two years in Orlando, Florida.

3. Plaintiff worked for Defendant from around November 2021 to

August 2022 as an hourly paid employee.

4. Plaintiff worked as a dump truck driver for Defendant.

5. Plaintiff was at all times paid by the hour by Defendant.

6. At all times material to this cause of action, Defendant, FCS INDUSTRIES, CORP., was an enterprise subject to the FLSA.

7. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for all overtime hours worked.

8. Defendant, FCS INDUSRIES, CORP., is a Florida Corporation that operates and conducts business in Orlando, Florida and is therefore within the jurisdiction of this Court.

9. Defendant, FCS INDUSTRIES, CORP., operates as a hauling company which hauls asphalt, limerock, fill, and other road-based materials.

10. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This collective action is intended to include any and all hourly-paid drivers who worked for Defendant within the last three years of the filing of this lawsuit.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA.

12. During Plaintiff's employment with Defendant, FCS INDUSTRIES, CORP., earned more than $500,000.00 per year in gross sales.

13. During Plaintiff's employment, Defendant, FCS INDUSTRIES, CORP., employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to telephones, office equipment and supplies, vehicles, and other items which had travelled in interstate commerce.

14. Therefore, at all material times relevant to this action, Defendant, FCS INDUSTRIES, CORP., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## Factual Allegations

15. At all times relevant to this action, Defendant failed to comply with the FLSA because Plaintiff and other hourly-paid drivers were not paid proper and complete overtime compensation for all overtime hours worked.

16. During his employment with Defendant, Plaintiff routinely worked overtime hours.

17. During his employment with Defendant, Plaintiff was not paid time and one-half of his hourly rate for all overtime hours worked by him.

18. Specifically, Plaintiff and other drivers had to report by 5:30 A.M., to get the dump truck vehicle, do a pre-trip inspection, and perform other work before leaving the yard.

19. However, instead of paying for all hours worked, Defendant only paid Plaintiff and other drivers for time on the "tickets" they received for what they were hauling,

20. Plaintiff and other drivers were not paid for the time worked in the morning before the first haul, nor were they paid for the travel time back to the yard at the end of the shift, as well as the time to do the post-trip inspection and to clean the truck when needed.

21. As a result of the above practices, Plaintiff and other hourly-paid drivers did not receive full overtime compensation due for all overtime hours worked.

22. Plaintiff and all hourly-paid drivers are entitled to the additional overtime compensation for all hours worked over forty (40) in each week.

23. Plaintiff and the other drivers have suffered damages as a result of Defendant's violations of the FLSA.

24. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked, shifts worked and amounts paid to Plaintiff and other hourly-paid drivers are in the possession and custody of Defendant.

25. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

26. All conditions precedent to this action have been performed or waived.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

27. Paragraphs one (1) through twenty-six (26) above are fully re-alleged and incorporated herein.

28. Plaintiff and other hourly-paid drivers are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

29. During their employment with Defendant, Plaintiff and other hourly-paid drivers were not paid complete overtime compensation for all overtime hours worked in violation of the FLSA.

30. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and other hourly-paid drivers complete overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and the hourly-paid drivers have suffered damages plus incurring reasonable attorneys' fees and costs.

31. Defendant did not have a good faith basis for its failure to pay Plaintiff and other hourly-paid drivers complete overtime compensation for each hour worked in excess of forty (40) per work week.

32. As a result of Defendant's willful violation of the FLSA, Plaintiff and

other hourly-paid drivers are entitled to liquidated damages.

33.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MATTHEW SIKORSKY, on behalf of himself and others similarly situated, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 12th day of May, 2023.

> **/s/ C. RYAN MORGAN**
> C. Ryan Morgan, Esq.
> FL Bar No. 0015527
> Morgan & Morgan, P.A.
> 20 N. Orange Ave, 15th Floor
> Orlando, FL 32801
> ***MAILING ADDRESS:***
> ***P.O. Box 530244***
> ***Atlanta, GA 30353-0244***
> T: (407) 420-1414
> F: (407) 245-3401
> E:  RMorgan@forthepeople.com
> *Attorneys for Plaintiff*