IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MATTHEW SIKORSKY, on behalf of himself and those similarly situated,**

      **Plaintiff,**

vs.

**FCS INDUSTRIES, CORP.,
A FLORIDA CORPORATION,**
      **Defendant.**    /

CASE NO.:  6:23-cv-885-GAP-RMN

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff, MATTHEW SIKORSKY, files this Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law against Defendant, FCS INDUSTRIES, CORP., a Florida Corporation, and states:

1. On May 12, 2023, Plaintiff filed a Complaint for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). D.E. 1.

2. On July 27, 2023, Defendant was served with a summons and a Copy of the Complaint. *See* Affidavit of Service at D.E. 8.

1

3. Because Defendant failed to serve any paper on the undersigned as required by law, Plaintiff filed a Motion for Clerk's Default against Defendant on September 6, 2023. *See* D.E. 9.

4. On September 11, 2023, the Clerk entered a Default against Defendant. *See* D.E. 11.

5. As of the filing of the instant Motion, Defendant has not retained counsel, filed any motion or pleading in response to the Complaint, and as a result, Defendant has failed to serve any paper on the undersigned or file any paper required by law in response to the Complaint. Accordingly, Plaintiff now requests a Default Final Judgment in its favor and against Defendant.

6. "A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Art Schmidlin v. Apex Mortgage Services, LLC*, 2008 WL 976158, *1 (M.D. Fla. 2008) (citing *Cotton v. Mass. Mut. Life Insurance Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).

7. Under the liberal notice pleading requirements of the Federal Rules of Civil Procedure, a plaintiff is only required to allege: (1) a short and plain statement of the grounds upon which the Court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment. Fed. R. Civ. P. (8)(a). In the case of claims arising under the Fair Labor Standards Act ("FLSA"), the former Fifth Circuit Court of

Appeals has held that a statement that the defendants have the employees who are engaged in interstate commerce and who are paid less than the statutorily required minimum wage is sufficient to state a claim under the FLSA. See *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959).

8. The Eleventh Circuit Pattern Jury Instructions state that for a plaintiff to prevail on a claim under the FLSA, the Plaintiff must establish: 1) That the plaintiff was employed by Defendant during the time period involved; 2) that plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods in commerce; and 3) that defendant failed to pay the proper compensation as required by law. See *Eleventh Circuit Pattern Jury Instructions – Civil 4.14*.

9. In the instant case, Plaintiff's Complaint (D.E. 1) contains all of the allegations required to state a claim for compensation under the FLSA. In Paragraphs 1, 2, 3, 7, and 11 of the Complaint, Plaintiff identified the basis of the Court's jurisdiction - 28 U.S.C. § 1331 and 29 U.S.C. §216(b) and alleges that Plaintiff was an employee of Defendant. In Paragraphs 6, and 12-14 of the Complaint, Plaintiff alleges that he was employed by an enterprise engaged in commerce. Lastly, in Paragraphs 1, and 16-21 of the Complaint, Plaintiff alleges he was not paid for all overtime hours worked during his employment with Defendant. Because courts must deem the well-plead allegations of the amended

complaint as true, the Plaintiff has established each element of a claim under the FLSA.

10. Attached as **Exhibit A** is Plaintiff's Declaration evidencing the amount of wages he was paid regularly, the amount of overtime hours he alleges to have worked, and the amount of overtime compensation he alleges to be owed. Plaintiff's Declaration is the best evidence of his hours worked as Defendant has failed to participate in this case. Plaintiff's Declaration also attaches the pay and time records in his possession, as well as a spreadsheet used to determine the overtime owed to him.

11. Plaintiff, in his Declaration, estimates that he was underpaid two hours per day of time based on his allegations of not being paid for all hours worked. The spreadsheet attached to his Declaration walks through the weekly calculation of adding two hours per day based on the number of days worked, and then calculates the overtime compensation owed. As a result of these calculations, Plaintiff testifies and alleges he is owed 219.40 overtime hours which would equate to $6,252.90 in overtime pay.

12. Plaintiff is entitled to liquidated damages in an amount equal to his unpaid overtime/minimum wages. 29 U.S.C. §216(b). An employer who seeks to avoid liquidated damages as a result of violating the provisions of the FLSA bears the burden of proving that its violation was both in good faith and predicated upon

reasonable grounds. *See Joiner v. City of Macon,* 814 F.2d 1537 (11th Cir. 1987). In this case, Defendant, by virtue of having failed to respond to Plaintiff's Complaint, fails to meet its burden to oppose the imposition of liquidated damages. Thus, the Court should also award an equal amount of damages sought above as liquidated damages.

13. An additional element of Plaintiff's claim is the recovery of attorneys' costs. Specifically, 29 U.S.C. § 216(b) authorizes an award of attorneys' costs to the prevailing plaintiff in any proceedings to enforce the provisions of the FLSA. The complaint in this case shows that this was a proceeding to enforce the provisions of the FLSA.

14. Plaintiff has incurred $483.47 in costs, of which $444.00 are for awardable costs of filing fee and service of process charges. *Perrin v. John B. Webb & Assoc., 2005* WL 2465022, at *5 (M.D., Fla. 2005). (Attached as **Exhibit B** is Plaintiff's Counsel's cost ledger).

WHEREFORE, Plaintiff, MATTHEW SIKORSKY, requests the entry of a Final Judgment in his favor and against Defendant, FCS INDUSTRIES, CORP., A FLORIDA CORPORATION, in the following amounts:

- Matthew Sikorsky: $12,505.80 in overtime and liquidated damages;
- Morgan & Morgan, P.A.: $444.00 in attorneys' costs.

Respectfully submitted this 13th day of October, 2023.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
FL Bar No. 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave, 15th Floor
Orlando, FL 32801
T: (407) 420-1414
F: (407) 245-3401
E:  RMorgan@forthepeople.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 13, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: None. I further certify that on October 13, 2023, I mailed the foregoing document and the notice of electronic filing by Federal Express to the following non-CM/ECF participants:  FCS Industries, Corp. c/o Willie Fisher as President for FCS Industries, Corp. at 16639 Varone Cove Court, Winter Garden, FL 34787.

/s/ C. Ryan Morgan
C. Ryan Morgan, Esq.